IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROXANNE ARTHUR,

      Plaintiff,

v.                                                                                            CV 13-01173 MV/WPL

BLOOMFIELD SCHOOL DISTRICT,
and ROB FORD, INDIVIDUALLY
AND AS A SUPERVISOR WITHIN
THE BLOOMFIELD SCHOOL DISTRICT,

      Defendants.

**ORDER GRANTING IN
PART MOTION TO COMPEL**

      Rob Ford has filed a motion to compel discovery responses from Roxanne Arthur. (Doc. 37.) Although Ford and Arthur agreed to an extension of time so that Arthur could file her response to the motion by July 7, 2014, Arthur did not file a response. This Order will grant in part and deny in part Ford's motion.

      Ford first complains that Arthur did not submit a complete response to Interrogatory No. 14, which requires Arthur to explain the factual basis for "each and every claim" of discrimination and retaliation by Ford, "including the dates of each such occurrence, what occurred, any statements made to you which made you believe you were being discriminated or retaliated against, the people who witnessed the discrimination or retaliation," and whether any report of discrimination or retaliation was made during Arthur's employment with the Bloomfield School District. Arthur's answer to this interrogatory exceeds eight pages, yet Ford finds substantial fault with it. Interrogatory No. 14 is a contention interrogatory which, when

served early in the discovery process as was done here, is both overbroad and unduly burdensome. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007). Ford's request for further answer to this interrogatory is denied.

Interrogatory No. 17 asks Arthur to provide all examples of Ford using "racial slurs." While Ford has provided some information in response, she must identify the "many other incidents" her answer mentions, although she is not required to give Ford a narrative account of her case with every evidentiary fact and the details of supporting witnesses. *Id*.

Finally, Ford complains that Arthur's answer to Interrogatory No. 21 did not provide first names, last known addresses and telephone numbers for some of her witnesses. Arthur stated that she had not yet determined the identity of all of her witnesses and listed thirty individuals who have knowledge of Arthur's claims who may be called as witnesses. A review of the list of possible witnesses shows that there are several teachers, former school resource officers, a school psychologist, counselor and other school personnel listed. Ford demands that Arthur provide addresses and telephone numbers for, among others, Gloria DeMorrow (teacher), Joe Rasor (Superintendent), Allan Bassing (Interim Principal), Deborah Serrano (Director of Human Resources) and Jessica Sledzinski (Acting Principal). From their job titles it appears that each of these individuals is still currently employed by the Bloomfield School District, another defendant in this case and Ford's employer. Is it too much to ask for a little common sense when pursuing discovery? I have a hunch that Ford can easily obtain the information by simply asking the School District. I will order Arthur to provide "the name and, *if known*, the address and telephone number" for each of the individuals identified in answer to this interrogatory. Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added).

Arthur shall serve her supplemental answers to Interrogatory Nos. 17 and 21 by August 5, 2014.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge